JOHN B. CLEVELAND *vs.* CHARLES H. STONE, *et al.*

Argued Nov. 3, 1892.    Decided Nov. 12, 1892.

Action to Remove Cloud—Complaint Held Insufficient.

> In an action to cancel, as usurious, a mortgage upon real estate, the complaint must show that it is a cloud on the title of the plaintiff. Thus, where it was executed by a former owner, it is not enough to allege that the plaintiff is the owner at the time of bringing the action, without showing any privity between him and the mortgagor, so that the mortgage, if valid, incumbers plaintiff's title.

Appeal by plaintiff, John B. Cleveland, from an order of the District Court of Hennepin County, *Canty*, J., made September 19, 1891, sustaining the demurrer of defendant Henry M. Stone to the complaint.

This action was brought by the plaintiff against the defendants, Charles H. Stone and Gaylord W. Beebe, partners as Stone & Beebe, and Henry M. Stone. The complaint alleges, that the plaintiff is and has been since July 1, 1890, the owner of certain described real estate in Minneapolis; that on September, 9, 1889, one Albert E. Sears, who was then the owner of the land, mortgaged it to defendant Henry M. Stone; that the note and mortgage were usurious and void; and that Stone foreclosed the mortgage by advertisement in March, 1890. The complaint demands that the note and mortgage be declared illegal, usurious and void, that the foreclosure proceedings be set aside, and that the title to the land be decreed to be in plaintiff, free and clear from any claim under such foreclosure. The action was dismissed as to defendants Charles H. Stone and Gaylord W. Beebe, and defendant Henry M. Stone demurred to the complaint. The demurrer was sustained, and plaintiff appeals.

*Marcus P. Hayne,* and *J. F. Keene,* for appellant.

The allegations of the complaint show that the mortgagor owned the land at the time he made the mortgage, and by necessary implication, that the plaintiff derives his title from the mortgagor. *Tennison* v. *Tennison,* 114 Ind. 424.

*Ripley, Brennan & Booth,* for respondent.

Only the mortgagor and his privies can take advantage of the defense of usury. *Stein* v. *Swenson,* 44 Minn. 218. It does not appear from the complaint that the plaintiff derived his title from the mortgagor, or had any connection with him. Therefore the complaint is fatally defective. *Cheney* v. *Dunlap,* 27 Neb. 401.

GILFILLAN, C. J. Action to cancel, as usurious, a mortgage upon real estate, and the foreclosure thereof under the power; in other words, to clear off a cloud on plaintiff's title. It is the first requisite in such an action that the instrument or record complained of shall be a cloud on the plaintiff's title. If it be not, its existence will not concern him. This complaint does not show this. It alleges that the mortgagor was the owner when he executed the mortgage, and that plaintiff afterwards became, and is now, the owner, without stating from whom or how he derives his title. It does not follow from that allegation that it is affected by the mortgage, for he may have acquired it in any one of many ways, other than through a conveyance by the mortgagor. Thus the mortgagor's title may have been defeated by forfeiture, and the plaintiff got title from the one to whom the land reverted; or it may have been uprooted by a tax sale; or it may have passed free of the mortgage, by sale under a prior mortgage, or judgment, or by adverse possession ripening into title. It must be alleged or shown that he got title through the mortgagor, so as to be affected by the mortgage. We do not mean to be understood that in his pleading he must trace the title, step by step, from the mortgagor to himself. As a matter of pleading it would be enough to allege that since the execution of the mortgage he succeeded to, and now holds, the title which the mortgagor at that time had.

Order affirmed.

(Opinion published 53 N. W. Rep. 647.)